FILED BY _____ D.C.

2001 JAN -8 PM 1:22

CLERK U.S. DIST. CT.
S.D. OF FLA-FTL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Ft. Lauderdale Division

UNITED STATES OF AMERICA

        Plaintiff,

                                Case No: 00-6090-Cr-Zloch

vs.

EDGAR GUZMAN

        Defendant
_____/

## GUZMAN'S RESPONSE AND OBJECTIONS
## TO THE PRESENTENCE INVESTIGATION REPORT:
## MOTION FOR DOWNWARD DEPARTURE

Defendant, Edgar Guzman, through his undersigned attorney, pursuant to Fed.R.Crm.P. 32, files this his RESPONSE to the Presentence Investigation Report:

1. OBJECTION TO paragraphs 19 and 26, "ROLE ASSESSMENT"

The defendant objects to the conclusion that no role adjustment is warranted and the disparity that distinguishes his role in this transaction from that of the co-defendant Orlando Mesa. In paragraph 19 wherein in states, " Edgar Guzman assisted in the transportation of cocaine and provided transportation to the King Ocean Shipping Line to retrieve the Ford Bronco", it should be made clear that his role was to act as a driver for Bernal Soto whose vehicle was used to actually transport the cocaine. Of significance is the fact that he merely drove the co-defendant to the offices of the Shipping Lines. It was Bernal Soto who actually made the arrangements and did all of the acts and paperwork to transport the vehicle which belonged to him. Once in the United States, again Mr. Guzman merely drove the co-defendant to the shipping line for Bernal Soto to make arrangements for the release of his own vehicle.

The Defendant objects to the alleged disparity that distinguishes his role in this transaction from that of the co-defendant Orlando Mesa. Mr. Mesa according to paragraph 20 should be given a four level minimal role adjustment pursuant to Section 3B1.2(a). However, Mr. Guzman's role should actually be viewed as less than his co-defendant. Mr. Mesa is the son

in law of co-defendant, Roberto Farradaz who according to paragraph 17 owned the cocaine and made arrangements to transport it. It was Mr. Farradaz and Orlando Mesa who took possession of the Ford Bronco and did gain access to the hidden compartment using tools for such purpose. While it is clear Mr. Mesa was an active participant in securing and obtaining the actual cocaine the role of Mr. Guzman was that of a messenger or driver assistant for those principally culpable. Both in Mr. Guzman's plea to the court and as indicated in the PSI, paragraph 15 Mr. Guzman's role was to drive Soto to the port to pick up the vehicle and he knew there was cocaine but not how much. Edgar Guzman should receive a four level minimal role adjustment pursuant to Section 3B1.2(a).[1]

2. OBJECTION TO paragraph 24 "BASE OFFENSE LEVEL"

Defendant objects to the classification of his "base offense level" as a 34 upon the holding in Apprendi v New Jersey, No. 99-478, 200 WL 807189 (U.S. June 26th 2000). Accordingly, quantity is an element of the crime and since quantity was not alleged in the indictment, the defendant's statutory exposure should be 0 to 20 years under 21 USC Section 841 (b) (C).[2]

Alternatively, upon the reasons set forth in paragraphs 1 and 2 supra, Defendant objects to the classification of his "base offense level" as a 34 and submits that he should be responsible for a transaction involving only the quantity that the Government can prove he had knowledge of beyond a reasonable doubt. In this case the Government cannot prove even by a preponderance of the evidence that the defendant had knowledge of any quantity whatsoever.

Wherefore having filed his objections, the Defendant hereby moves for a downward departure from the sentencing guidelines for the following reasons:

### DEFENDANT'S MOTION FOR DOWNWARD DEPARTURE

Due to the unusual facts and circumstances of this case and pursuant to the principles of law set forth in Koon v. United States, 518 U.S. 81, 116 S. Ct. 2035, Defendant moves for a downward departure from the applicable guidelines computation.

3. It would not be equitable nor would it be fair to treat Edgar Guzman differently from the co-defendant Mesa with regard to the role each defendant played according to all the facts and circumstances. The Defendant's role was that of minimally a messenger, errand boy or driver. The defendant at no time knew the quantity of cocaine that was being transported.

---

[1] Downward departure is permitted to equalize a sentencing disparity between co-defendants. United States v Meza, 76 F.3d 117 (7th Cir), vacated and remanded, 117 S.Ct. 448 (1996); United States v Daas, 198 F.3d 1167 (9th Cir 1999)

[2] See also Castillo v. United States, 120 S. Ct. 2090 (2000); Jones v. United States, 119 S. Ct. 1215 (1999)

Respectfully submitted,

_____
H. Frank Rubio
Attorney for the Defendant
10800 Biscayne Boulevard
Suite 570
Miami, Florida 33161
Tel. (305) 892-5297
Fax. (305) 895-4443
Florida Bar # 212245

Certificate of Service

I Hereby Certify that a true copy of the foregoing pleading was mailed this 5th day of January 2001 to AUSA Larry Bardfeld, 500 East Broward Boulevard, Suite 700, Fort Lauderdale, Florida 33394 and to U. S. Probation Officer Frances Weisberg, 299 East Broward Boulevard, Room 409, Ft. Lauderdale, Florida 33301-1865.

_____
H. Frank Rubio
Fla. Bar # 212245